IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Susan Prose, United States Magistrate Judge

Civil Action No. 23-cv-02089-LTB-SBP

DENNIS SLADEK,

    Plaintiff,

v.

DONALD J. TRUMP,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Amended Complaint (ECF No. 6)[1] filed *pro se* by Plaintiff, Dennis Sladek, on September 8, 2023. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 9).[2]

---

[1] "(ECF No. 6)" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court must construe the Amended Complaint liberally because Mr. Sladek is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the Amended Complaint be dismissed.

## I. DISCUSSION

Mr. Sladek asserts one claim pursuant to 28 U.S.C. § 1331 contending that Defendant, former President Donald J. Trump, is ineligible to serve as President of the United States under Section 3 of the Fourteenth Amendment to the United States Constitution. In relevant part, that section bars from serving in the government any person who swore an "oath . . . to support the Constitution of the United States" as a federal officer and then "engaged in insurrection or rebellion against the same, or [gave] aid or comfort to the enemies thereof," unless Congress "remove[s] such disability" by a two-thirds vote. U.S. Const. amend. XIV, § 3. Mr. Sladek asserts that Section 3 applies to former President Trump based on former President Trump's actions relevant to the events that transpired at the United States Capitol on January 6, 2021. As relief Mr. Sladek seeks an order "removing Defendant Trump from any ballots for President of the United States and from serving in the United States government or in the future from any ballots of the United States government in any state." (ECF No. 6 at p.3.)

The United States Constitution limits the judicial power of federal courts to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing to sue, a plaintiff must show he has "suffered an injury in fact," the injury is "fairly traceable" to the defendant's actions, and a favorable judicial decision will likely redress the harm. *Id.* Each of these three elements is an "irreducible constitutional minimum" for standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Mr. Sladek bears the burden of establishing each element. *See Spokeo*, 578 U.S. at 338.

To establish injury in fact, Mr. Sladek must show, in part, that he suffered a concrete and particularized invasion of a legally protected interest. *See id.* An injury that is particularized "must affect the plaintiff in a personal and individual way." *Id.* at 339. Additionally, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Mr. Sladek's challenge to former President Trump's eligibility under Section 3 of the Fourteenth Amendment does not demonstrate he has suffered or will suffer a concrete and particularized injury. Instead, he alleges only a generalized grievance that is shared by the public as a whole. As a result, Mr. Sladek lacks standing to sue and the Complaint should be dismissed for lack of jurisdiction. *See Stencil v. Johnson*, 605 F. Supp. 3d 1109, 1115-19 (E.D. Wis. 2022) (finding plaintiff lacked standing in Section 3

disqualification suit against U.S. Senator Ron Johnson and U.S. Representatives Thomas Tiffany and Scott Fitzgerald); *New Mexico ex rel. White v. Griffin*, 604 F. Supp. 3d 1143, 1146-50 (D.N.M. 2022) (finding plaintiff lacked standing in Section 3 disqualification suit against Otero County Commissioner Couy Griffin); *Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *1 (3d Cir. Nov. 4, 2022) (per curiam) (finding the plaintiff lacked standing in Section 3 disqualification suit against gubernatorial candidate and state legislator Doug Mastriano); *see also Berg v. Obama*, 586 F.3d 234, 239-42 (3d Cir. 2009) (finding that plaintiff challenging former President Barack Obama's eligibility to run for and serve as President of the United States was properly dismissed for lack of standing); *Robinson v. Bowen*, 567 F. Supp.2d 1144, 1146 (N.D. Cal. 2008) (same, presidential candidate John McCain); *Hollander v. McCain*, 566 F. Supp.2d 63, 71 (D.N.H. 2008) (same).

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the Amended Complaint (ECF No. 6) and the action be dismissed without prejudice for lack of jurisdiction.

DATED September 20, 2023.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge